UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

WILLIAM HART,

      Plaintiff,

    v.

ANNA LASHER; MARC STUCKEY;
DANIELLE RYNCZAK; WASHINGTON
COUNTY; FRESH START RECOVERY
HOUSING; OREGON STATE HOSPITAL;
OREGON HEALTH AUTHORITY; STATE
OF OREGON,

      Defendants.

Case No. 3:25-cv-02279-MTK

**ORDER**

KASUBHAI, District Judge.

Plaintiff, a self-represented litigant, files this civil rights action under 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights in several respects. Plaintiff's Complaint failed to state a viable claim under § 1983 and he was allowed the opportunity to amend his allegations. Plaintiff timely filed an Amended Complaint and also seeks injunctive relief. Specifically, Plaintiff seeks an order prohibiting Defendants from requiring Plaintiff to undergo mental health treatment or to rely on mental health evaluations.

- 1 -    ORDER

To obtain preliminary injunctive relief, Plaintiff must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). Alternatively, "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance for the Wild Rockies v. Cottrell,* 632 F.3d 1127, 1135 (9th Cir. 2011). Plaintiff fails to establish these elements.

As found by the Court in a contemporaneous Order, Plaintiff's Amended Complaint does not state viable claims for relief. Thus, Plaintiff cannot show a likelihood of success on the merits. Further, Plaintiff's motion does not make clear who would be enjoined or why, and he fails to show why the alleged harm is imminent or irreparable. To the extent Plaintiff seeks to enjoin mental health treatment that is mandated pursuant to a court proceeding, Plaintiff is advised that this Court must abstain from interfering with state court proceedings, absent a showing of extraordinary circumstances. *Younger v. Harris,* 401 U.S. 37, 44-45 (1971) (federal courts must abstain from interfering in pending state court proceedings absent special circumstances); *see also Gilbertson v. Albright*, 381 F.3d 965, 968, 981 (9th Cir. 2004) (en banc) (abstention applies to damages claims as well as requests for injunctive relief).

Accordingly, Plaintiff fails to show that preliminary injunctive relief is warranted.

- 2 -    **ORDER**

**CONCLUSION**

Plaintiff's Motions for Preliminary Injunction (ECF Nos. 16, 19) are DENIED.

IT IS SO ORDERED.

DATED this 1st day of April 2026.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (he/him)
United States District Judge

- 3 -    ORDER